**FILED**

June 01, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____NM_____
DEPUTY

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| ULISES REYES-GONZALEZ, | § § § § | |
| Petitioner, | § | **NO. SA-26-CV-1581-OLG** |
| v. | § § | |
| MARKWAYNE MULLIN *et al.*,[1] | § § | |
| Respondents. | § | |

## ORDER

Pending before the Court is Petitioner Ulises Reyes-Gonzalez's Verified Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1), to which Respondents filed a response (Dkt. No. 6), and Petitioner filed a reply (Dkt. No. 8). For the reasons that follow, the Petition (Dkt. No. 1) is **DENIED**.

### I.    BACKGROUND

Based on the record, Petitioner is a citizen of Mexico who, on August 22, 2014, was temporarily admitted to the United States on a visitor visa. *See* Dkt. No. 1 at 13. However, Petitioner remained beyond the authorized period and, on February 2, 2026, he was apprehended and detained by immigration authorities for the first time. *Id.* He was then placed in removal proceedings. *Id.* On February 17, 2026, Petitioner received a bond hearing before an immigration judge ("IJ") pursuant to 8 U.S.C. § 1226(a), who determined that he posed a flight risk. *See* Dkt. No. 6-2.

---

[1] Markwayne Mullin became the Secretary of the Department of Homeland Security on March 24, 2026. As a result, he is automatically substituted as a Respondent in this action. *See* FED. R. CIV. P. 25(d).

Petitioner initiated this action on March 10, 2026, seeking an order compelling his release or, in the alternative, ordering Respondents to conduct another bond hearing, on the grounds that his detention violates his right to due process and the *Accardi* doctrine. *See* Dkt. No. 1 at 9–11.[2]

## II.    ANALYSIS

### A.    Due Process

Petitioner repeatedly asserts that his detention violates his right to due process. *See* Dkt. No. 1 at 9–10; *see also* Dkt. No. 8 at 4–15. However, Petitioner received all the process he was due. Under § 1226(a), Petitioner was entitled to a bond hearing before an IJ. He received that hearing on February 17, 2026, during which the IJ determined that he posed a flight risk. *See* Dkt. No. 6-2. Because Petitioner received due process during his removal proceedings, his due process claim is without merit. *See, e.g., Adedire v. Warden*, No. 26-CV-649, 2026 WL 983130, at *2–3 (W.D. Tex. Apr. 10, 2026); *Pun v. Noem*, No. 26-CV-534, 2026 WL 475297, at *2 (W.D. Tex. Feb. 18, 2026); *see also Prieto-Romero v. Clark*, 534 F.3d 1053, 1068 (9th Cir. 2008) ("Prieto-Romero has not been denied procedural due process while in custody. He received a bond hearing that afforded him an individualized determination of the government's interest in his continued detention by a neutral decisionmaker.").[3]

### B.    *Accardi* Doctrine

"Failure to adhere to regulations can constitute a denial of due process of law." *Francois v. Garland*, 120 F.4th 459, 465 (5th Cir. 2024) (citation modified); *see United States ex rel. Accardi*

---

[2]In his reply, Petitioner asserts a statutory claim based on his mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See* Dkt. No. 8 at 15. But Petitioner is not subject to mandatory detention. He is subject to discretionary detention under § 1226(a) and received a bond hearing as a result.

[3]Petitioner also asserts that his right to due process was violated by the IJ placing the burden of proof on him at his bond hearing. *See* Dkt. Nos. 1 at 11; 8 at 4. However, the Court has repeatedly held that "requiring Petitioner to bear the burden of proof at his bond hearing does not offend his right to due process." *See Rahimi v. Thompson*, No. 25-CV-1338, Dkt. No. 23 at 5–6 (W.D. Tex. Apr. 7, 2026).

*v. Shaughnessy*, 347 U.S. 260 (1954) (holding that "[r]egulations with the force and effect of law supplement the bare bones" of federal statutes, and that, even in areas of expansive discretion, agencies must follow their own "existing valid regulations"). "The failure of an agency to follow its own regulations is not, however, a per se denial of due process unless the regulation is required by the constitution or a statute." *Arzanipour v. I.N.S.*, 866 F.2d 743, 746 (5th Cir. 1989). If a regulation is not required by the constitution or a statute, to state a due process violation, a petitioner must show "substantial prejudice," which "requires an alien to make a prima facie showing that the alleged violation affected the outcome of the proceedings." *Francois*, 120 F.4th at 466 (quoting *Okpala v. Whitaker*, 908 F.3d 965, 971 (5th Cir. 2018)).

Petitioner does not identify a particular regulatory violation in his pleading. In total, Petitioner states: "Government agencies are required to follow their own regulations. A violation of the *Accardi* doctrine may itself constitute a violation of the Fifth Amendment Due Process Clause, particularly when liberty is at stake." Dkt. No. 1 at 10 (citations omitted). In light of Petitioner's failure to identify a specific regulatory violation—or to provide any briefing as to this claim—the Court cannot find that Petitioner is entitled to relief on this basis. *See, e.g., Chi v. Warden*, No. 26-CV-67, 2026 WL 1062625, at *5–6 (N.D. Tex. Apr. 13, 2026) (denying an *Accardi* claim as non-cognizable in habeas and, in any event, unmeritorious because it lacked any "supporting citation" substantiating that the petitioner's detention contravened "binding regulations").

## III.    CONCLUSION

For the foregoing reasons, the Petition (Dkt. No. 1) is **DENIED**.

This case is **CLOSED**.

3

**IT IS SO ORDERED.**

**SIGNED** on June _____, 2026.

_____
ORLANDO L. GARCIA
United States District Judge

4